55 CCPA

**Application of Gene E. GROSHEIM and Albert J. Heeb.**

**Patent Appeal No. 7835.**

United States Court of Customs and Patent Appeals.

Jan. 25, 1968.

James T. Dunn, Stamford, Conn. (William P. Spielman, Washington, D.C., of counsel), for appellants.

Joseph Schimmel, Washington, D.C. (Jack E. Armore, Washington, D.C., of counsel), for Commissioner of Patents.

Before WORLEY, Chief Judge, RICH, SMITH and ALMOND, Judges, and Judge WILLIAM H. KIRKPATRICK.*

KIRKPATRICK, Judge.

This is an appeal from a decision of the Board of Appeals affirming the examiner's rejection as obvious over combined prior art of claims 8–11 of appellants' application relating to reconstituted wood boards. No claims have been allowed.

The invention is readily understandable from claim 8 of the application which reads as follows:

8. A reconstituted board comprising a plurality of individual wood strands arranged in layers of parallel plies and a matrix of an organic adhesive material, said strands having a length of at least 9″, a width varying between 0.0625″ and 3″ and a thickness varying between 0.015″ and O.-150″, said adhesive coated strands being oriented along the longitudinal axis of the reconstituted board so that the strands in each layer are substantially parallel to one another and the entire assembly is consolidated into a unitary structure.

Claim 9 differs from claim 8 in that the organic adhesive material is restricted to a synthetic resin adhesive. Claim 10 differs from claim 8 in that at least one layer of the individual strands is oriented through a 90° angle when considered in light of at least one other layer in the reconstituted board as determined in relationship with its axis. Claim 11 differs from claim 10 in that the organic adhesive material is restricted to a synthetic resin adhesive. The appealed claims have been considered together by the board, and by the appellants in their brief before the court. The claims may therefore be considered to stand or fall together.

The references are:

| Walsh et al. (Walsh) | 1,465,383 | Aug. 21, 1923 |
| Fairchild | 2,392,844 | Jan. 15, 1946 |
| Hansen | 2,539,904 | Jan. 30, 1951 |

Walsh discloses a composite lumber of a plurality of layers of soft wood held together by cement or an equivalent and then subjected to pressure. Wood is

---

* Senior District Judge, Eastern District of Pennsylvania, sitting by designation.

cut into thin strips in such manner that the grain of the wood runs lengthwise of the strip. The strips or board thus formed are then cut into desired lengths and are superimposed one above the other so as to form a plurality of layers, with the grain of the wood in one layer running at an angle to the grain of the wood in the adjacent layer.

Fairchild discloses molded wood made of small wood lay-up pieces. The pieces are precoated with a suitable adhesive, e.g. a heat-responsive resin, and molded by heat and pressure. They are described as generally ovate in shape, 6 inches in the shorter diameter and about 10 inches in length. The center portion of each lay-up piece may be on the order of 1/16 inch in thickness. The preferred practice is to lay the several pieces of any given ply with their grain running generally in the same direction. It is also preferable that each ply be laid up with the grains of the component pieces in alternate plies laid at angles to each other and in each instance to the preceeding ply.

Hansen discloses a cement wool building material made by combining wood shavings, Portland cement, water, calcium chloride, and calcium sulfate. The wood shavings, approximately 40–50 cm. (15.6 to 19.6 inches) in length, 0.015 of an inch in thickness and 1/8 of an inch wide are randomly dispersed and comprise 24.9% by weight of the finished sheet form of the cement wool material.

The examiner rejected claims 8–11 as unpatentable over either Fairchild or Walsh, each in view of Hansen. As stated in his answer before the Board of Appeals:

> The wood piece sizes claimed by applicants are admittedly old in Hansen. To provide the wood pieces in Walsh et al. and Fairchild with the dimensions of the wood pieces of Hansen is deemed obvious.

The Board of Appeals found no reversible error in the rejection of the claims by the examiner. This finding is the basis of this appeal.

Walsh neither claims nor specifies any particular thickness for the strips except to suggest that "a suitable thickness for the strips, when spruce is employed, has been found to be approximately one-fourth of an inch." Contending that the dimensions claimed in their application, particularly the thickness, are "critical," appellants argue that the board erred in combining Walsh (or Fairchild) with Hansen as a combination of references, this, because, they say, Hansen (which does disclose a thickness dimension) is in a completely different art from that to which Walsh is directed and even if the references could be properly combined the invention of the application would still be unobvious. Whether this point is well taken need not be decided because we think it very clear that the invention of the application is no more than an obvious development of that of the Walsh patent. One need only read the claim 8 of the application and compare it with the disclosure of Walsh to see that the margin of difference between them is limited to the fact that the claim specifies the dimensions of the strips while Walsh does not, except to the extent that comparatively thin strips are disclosed by the drawings and general description of the patent and one-fourth of an inch is suggested for the thickness of spruce in the single example mentioned above. Is that difference a sufficient basis for finding that appellants' invention is unobvious in view of Walsh? We think not.

The board considered an affidavit offered by appellants and filed, together with two exhibits which compared the appellants' reconstituted board with a board "apparently corresponding to Walsh et al." The exhibits are boards of identical composition and preparation except that the thickness of the wooden strips in the one embodying the appellants' disclosure is 0.15 inches (the upper limit of the range defined in the claims on appeal) while the thickness of the strands in the one corresponding to Walsh is 0.25 inches (outside that range). There are some slight imperfections in

the Walsh board but the Board of Appeals found the difference between the two to be "one merely in degree and * * * [was] * * * not persuaded that the appellants' board patentably distinguishes over the cited art."

We are of the opinion that a worker of ordinary skill in the art of reconstituted wood products would find no difficulty in improving the Walsh plywood structure by adopting a desirable thickness for the strips and would not be surprised to find that the use of thinner strips resulted in a board with fewer imperfections. It may be that the board of the applicants' exhibit is somewhat superior to that of the Walsh exhibit, but we have examined the exhibits and find the difference to be very slight, whether one calls it a difference in degree or an obvious variation.

The decision is affirmed.

Affirmed.

SMITH, Judge (dissenting).

Initially, I observe that the Board of Appeals here consisted of an examiner-in-chief and two acting examiners-in-chief. Appellants do not challenge the legality of that board. For the reasons expressed in my dissenting opinion in In re Wiechert, 370 F.2d 927, 54 CCPA 957 (1967), the decision of such a board in my view is a legal nullity which I feel should be raised *sua sponte* whenever it occurs. However, even accepting the majority's view on this issue as decided in the *Wiechert* case, I would reverse rather than affirm the decision of the board.

I fully agree with what seems to be the reasoning of the majority that no reasonable basis exists for selecting the claimed dimensions from the Hansen reference. To do so is to ignore the teachings of Hansen as a whole. Furthermore, I see no reasonable basis in the art of record which would suggest selecting all of the claimed dimensions

for the strips of wood forming the reconstituted wood structure.

I am unwilling to do as the majority seems to have done and substitute my expertise for the consideration given to the claims by the Patent Office. Appellants' specification asserts that the dimensions of the individual wood particles before compression into a reconstituted wooden article is "fairly critical." Unfortunately, he does not say *why* or in what *way* these dimensions are "critical." In any event, appellants chose to assert such "critical" dimensions in their claims.

Both the examiner and the board, properly I think, gave attention to these claimed limitations, and chose to resolve the deficiency of either Fairchild or Walsh et al. with selected teachings of Hansen. Appellants' affidavit under Rule 132 and the accompanying exhibits were submitted to establish that there is a "critical" difference between using wooden strands that are 0.150″ thick, within the scope of the appellants' claims, and 0.250″ thick, outside appellants' claimed strand thickness. According to the affidavit, less surface planing on the product of appellants' invention was needed. I would give weight to appellants' affidavit and exhibits since the selection of particle thickness is not taught, disclosed or suggested by Walsh et al.

The error of the majority resides, I think, in its casting aside of the recognition by the Patent Office of the deficiencies of Walsh et al. with respect to appellants' specific claims. Our review should be narrowly confined to the record and to the decision of the board. The stated basis for the rejection on either of the basic references requires a consideration of the Hansen reference. I think the use of the teachings of Hansen is prompted by hindsight and is thus in error. Therefore, the rejections, as stated, must fall. Consequently, I would *reverse* the *decision* of the board.